IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY BARBERA, :<br>    Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 09-5969 |
| : | |
| TD BANK, N.A., : | |
|     Defendant. : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                                                   May 14, 2010

Plaintiff filed a one count complaint against TD Bank for breach of contract when TD Bank denied his loan application after issuing a Conditional Approval Letter ("the Letter"). TD Bank filed an answer with affirmative defenses. Thereafter, Plaintiff filed a Motion for Leave to File an Amended Complaint, seeking to add a second Plaintiff, Barbera's business entity Gary Barbera Enterprises, Inc. ("GBE"), and to add a second count alleging breach of contract on behalf of GBE as a third-party beneficiary of the alleged contract. Defendant thereafter filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), which also included its response to Plaintiff's Motion to Amend. For the reasons that follow, Plaintiff's Motion to Amend the Complaint is denied and Defendant's Motion for Judgment on the Pleadings is granted.

I. **Factual Background**

Plaintiff Gary Barbera owns automobile dealerships in the Philadelphia area through his business, GBE. In March 2009, GBE required $1.2 million to meet its obligations to Chrysler Financial. To raise these funds, Barbera applied to TD Bank for a mortgage on his second home

1

in Margate, N.J. He explained to TD Bank that he needed to close quickly to meet a pay-off deadline to Chrysler. TD Bank issued the Letter, pre-approving a $1.2 million mortgage on May 19, 2009. The Letter set forth the amount and term of the loan, the interest rate, and the projected monthly payments.

The Letter also stated TD Bank's requirement for two appraisals, among many other conditions, for final approval of the mortgage. On the same day the Letter was issued, Barbera orally proposed reducing the loan amount from $1.2 million to $999,000 to avoid the need for a second appraisal. Two e-mails concerning this proposed change to the loan amount were sent between TD Bank employees late in the day on May 19, 2009. The second e-mail included the statement "I will change the loan amount to $999,000, to avoid the second appraisal order."

Both the Letter and the subsequent e-mail stated that Barbera needed to submit certain documentation before underwriting could review the "loan request". For the purposes of resolving the Motion for Judgment on the Pleadings, the Court will assume that Barbera provided the required documentation, as he alleges. Nevertheless, approximately three weeks later, on June 10, 2009, TD Bank rejected Barbera's loan application.

Barbera filed the instant one-count complaint suing TD Bank for breach of contract, alleging that TD Bank breached its contractual obligation to provide the loan described in the Letter (as modified by the e-mail) and that Barbera was financially injured by the breach.

II. **Standard of Review**

The standard applicable to a motion for judgment on the pleadings and a motion for leave to amend the complaint is the same standard that governs a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6).[1] To survive a motion to dismiss, a plaintiff "must show that the allegations in his or her complaint are plausible."[2] For this breach of contract case to survive Defendant's Motion, Plaintiff needs to sufficiently plead factual content that allows the Court to infer that defendant breached an enforceable contract.[3] For purposes of these Motions, the Court accepts all allegations in the Complaint and proposed Amended Complaint as true, and construes the Complaints in the light most favorable to Plaintiff.[4] However, the Court need not accept Plaintiff's legal conclusions as true.[5] If "Plaintiff can prove no set of facts in support of his claim which would warrant relief,"[6] the case must be dismissed.

III. **Discussion**

　A. <u>**Motion for Judgment on the Pleadings**</u>

Since both the Complaint and the proposed Amended Complaint state claims for breach of contract, the only issue in the Motion for Judgment on the Pleadings is whether the Letter created an enforceable contract between the parties. "Whether an undisputed set of facts establishes a contract is a question of law."[7] For the purpose of these motions, the Defendant

---

[1] See <u>Collazo v. Option One Mortgage Corp.</u>, No. 09-2520, 2009 U.S. Dist. LEXIS 107930, at *7 (E.D. Pa. Nov. 18, 2009); <u>Insulation Corp. of Am. v. Huntsman Corp.</u>, No. 89-6336, 2000 U.S. Dist. LEXIS 481, at *26 (E.D.Pa. Jan. 18, 2000).

[2] <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009).

[3] <u>Iqbal</u>, 129 S. Ct. at 1949.

[4] <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).

[5] <u>In Re Burlington Coat Factory Sec. Litigation</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

[6] <u>Cal.Pub. Employees' Retirement Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004).

[7] <u>Buff v. Fetterolf</u>, 207 Pa. Super. 92 (1995); <u>McCloskey v. Novastar Mortgage, Inc.</u>, 2007 U.S. Dist. LEXIS 62297, *15 (E.D. Pa., Aug. 22, 2007).

does not dispute the facts set forth in Plaintiff's complaint. TD Bank's Motion for Judgment on the Pleadings urges the Court to find that the Letter 1) was not a contract, as it does not establish mutual assent to be bound; and 2) does not satisfy the Statute of Frauds, and therefore is unenforceable even if it is a contract.

1. <u>Mutual Assent</u>

In order to form a contract, there must be manifested mutual assent to the terms of a bargain. "Under Pennsylvania law, the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced."[8] In this case, the Court must determine, based upon the pleadings, whether it is plausible that there was an agreement to provide a mortgage at the terms set forth in the Conditional Approval Letter, and that TD Bank intended to be bound by those terms.

Plaintiff's argument relies upon the first paragraph of the Letter, which reads: "Congratulations! TD Bank, N.A. is pleased to inform you that you have been Approved for a mortgage on the property located at 8705 Amherst Ave Margate, N.J. 08402. Upon acceptance and subject to the terms outlined below and the conditions on the following pages, this approval is valid until 07/06/2009." Based on *that paragraph alone*, it does appear that TD Bank is making a conditional offer, and if Barbera satisfied the conditions and accepted the offer, TD Bank would be bound by the loan terms set forth in the Letter. The factual allegations do not claim that Barbera accepted this offer; rather he made a counter-offer, asking to modify the loan amount to avoid the need for a second appraisal of the property (one of the loan conditions). One

---

[8] <u>Channel Home Centers v. Grossman</u>, 795 F.2d 291, 298-99 (3d Cir. 1986).

of the e-mail exchanges states that TD Bank was willing to make this adjustment, again subject to certain conditions. In considering this motion, the Court will accept as true Barbera's claim that he satisfied the remaining conditions set forth in the letter and the e-mail.

However, the remainder of the Letter raises significant doubt as to whether TD Bank intended to be bound by the document. The second paragraph calls the transaction a "credit request," as opposed to a credit agreement. A third paragraph states "This approval is subject to product and program availability, as well as verification of the information provided by the borrower and/or co-borrower. Should the product and program offerings change or the Bank is unable to verify the information provided, the Bank has the right to modify or revoke this approval." Read in its entirety, the language of the Letter does not manifest an intent to be bound. Nor does it create a duty to provide the loan, merely because the borrower provides the documents requested and otherwise satisfies the conditions set forth in the letter. Therefore, the Court cannot find that the Letter (even if read in conjunction with the e-mail modifying the loan amount requested) creates an enforceable contract.

2. Statute of Frauds

Alternatively, Defendant argues, that the Letter does not satisfy the Statute of Frauds. Under Pennsylvania law, an agreement to lend money that is secured by a mortgage on real estate must satisfy the Statute of Frauds.[9] Defendant asserts that the Letter does not satisfy the Statute of Frauds, as it is merely a document that looks towards some future contract, to be signed at the

---

[9] Milandco LTD, Inc. v. Washington Capital Corp., No. 97-8119, 2001 U. S. Dist. LEXIS 20770, at*14-15 (E.D. Pa. December 12, 2001); McCloskey, 2007 U.S. Dist. LEXIS 62297, citing Eastgate Enters, Inc. V. Bank & Trust Co. Of Old York Rd., 236 Pa. Super. 503 (Pa. Super. Ct. 1975).

mortgage closing.[10] Also, under Pennsylvania law, if writings must be linked or supplemented by oral testimony to prove the existence of a contract, the contract is considered an oral one for Statute of Frauds purposes.[11] Here, the Letter must be supplemented by oral testimony as to whether Barbera complied with the conditions, whether TD Bank was able to verify the information provided by Barbera, and whether the product or program remained available. Therefore, it does not satisfy the Statute of Frauds.

In addition, any writing must show mutual assent (e.g. a meeting of the minds). "[I]n order to satisfy the Statute of Frauds, 'the complete terms of a valid contract must be ascertainable [from the writing] with certainty and there must also be disclosed therein an intention on the part of the [charged party] to be bound by the asserted contract.'"[12] Defendant argues that the Letter does not show a meeting of the minds, as it does not demonstrate an intent to be bound on the part of TD Bank before closing on the loan.[13] The Court agrees that the Letter does not demonstrate mutual assent, as discussed above, *infra.*

B. **Motion for Leave to Amend**

Plaintiff seeks to amend the Complaint to add his business, GBE, as a party to the lawsuit, and a second count for breach of contract on behalf of GBE as a third party beneficiary to the contract. While there is no apparent prejudice to Defendant if the amendment is permitted,

---

[10] Milandco, LTD, Inc., 2001 U.S. Dist. LEXIS 20770, at *15 (a document that looks forward to some future contract is insufficient to satisfy the writing requirement of the statute of frauds).

[11] Green v. Interstate United Management Services Corp., 748 F.2d 827, 830 (3d Cir. 1984).

[12] Linsker v. Savings of America, 710 F.Supp. 598, 600 (E.D.Pa.,1989), quoting Brister & Koester Lumber Corp. v. American Lumber Corp., 356 Pa. 33, 39, 50 A.2d 672, 676 (1947).

[13] McCloskey, 2007 U.S. Dist. LEXIS 62297 (a pre-approval letter does not constitute a lender's assent to a mortgage).

6

Defendant argues that the amendment would be futile, as there was no enforceable contract to which GBE could be considered a third-party beneficiary. Alternatively, Defendant argues that the Letter does not state that the mortgage is for the benefit of a third party, i.e. GBE; thus, even if the letter created an enforceable contract, GBE would have no enforceable rights under the contract. Having found that the Letter did not create an enforceable contract, the Court further finds that amending the complaint to add Plaintiff's business as a third-party beneficiary to the alleged contract would be futile.

An appropriate Order follows.